State *vs.* Cahen.

(Decided 16th February, 1872.)

---

STATE OF MARYLAND *vs.* LOUIS CAHEN.

*An Oyster or Eating house License—Article* 56, *sections* 58–90, *of the Code.*

An oyster or eating house license does not authorize the sale of spirituous or fermented liquors by the barrel, or in quantities greater than a pint.

WRIT OF ERROR to the Circuit Court for Harford County. The indictment in this case contains three counts: The first charges the defendant with unlawfully selling spirituous liquors in quantities not less than a pint, viz: One barrel of whiskey, without a license so to do. The second count charges like selling, in quantities not less than a pint, five gallons of whiskey, without a license so to do; and the third count

charges a like selling one gallon of wine, without license. Plea, "not guilty"—and issue tried before the Court.

The agreed statement of facts admitted the selling, as charged ; and that the defendant had no traders' license to sell spirituous liquors, at the time of the sales, but had a license to sell spirituous liquors, commonly called "an oyster house license."

Upon this statement, the Court found the defendant "not guilty"—and rendered judgment accordingly. The State thereupon applied for a writ of error, which was granted.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, ALVEY and ROBINSON, J.

*Isaac D. Jones,* for the plaintiff in error.

*Herman Stump,* for the defendant in error.

ROBINSON, J., delivered the opinion of the Court.

The question in this appeal is whether a party under *an oyster or eating house license* is authorized to sell *spirituous* or *fermented* liquors by the barrel, or in quantities *greater than a pint.*

This must depend upon the construction of sections 58 to 90, inclusive, of Article 56, of the Code.

Sections 58 to 70 provide for the granting of what is commonly called a *trader's license,* for the sale of spirituous or fermented liquors in *quantities not less than a pint,* upon the payment of eighteen to one hundred and fifty dollars, according to the value of the applicant's *stock in trade.*

Sections 70 to 84 provide for the granting of licenses to *ordinary keepers,* to sell in quantities *less than a pint,* upon the payment of twenty-five to four hundred dollars, according to the *rental value* of the house or place where the business is carried on.

Section 85 provides for the issuing of an oyster or eating house license, for the sale of spirituous or fermented liquors

in quantities *less than a pint*, upon the payment of *fifty dollars*.

In thus providing for three classes of licenses, it is clear the law did not intend that a party paying for a license of one class, should exercise the rights and enjoy the privileges conferred by the other two. If an oyster or eating house license, to sell in quantities less than a pint, authorizes a party to sell by the barrel, or in quantities greater than a pint, it would be altogether unnecessary to take out a trader's license. A license to sell in quantities less than a pint cannot be construed as authorizing a sale in quantities greater than a pint. Such a construction is not warranted either by the letter or spirit of the law, and would in a great measure, deprive the State of the revenue which it was the object of these laws to secure.

*Judgment reversed and
new trial awarded.*

(Decided 20th February, 1872.)